IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT DONALDSON,                    )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )      CASE NO. 1:26-CV-323-WKW
                                     )               [WO]
DONALD VALENZA and                   )
COMMANDER MOORE,                     )
                                     )
        Defendants.                  )

## **ORDER**

On April 30, 2026, a *pro se* 42 U.S.C. § 1983 complaint filed by thirty-two inmates detained at the Houston County Jail, including Plaintiff William Clayton, was received and docketed. *See McDaniel v. Valenza*, 1:26-cv-306-RAH-JTA (M.D. Ala. filed Apr. 30, 2026), Doc. # 1. On May 4, 2026, an Order was issued, directing that separate civil actions be opened for thirty-one of the thirty-two plaintiffs. *Id.*, Doc. # 2 ("May 4 Order"). In accordance with the May 4 Order, this action was opened. At the time of filing, Plaintiff neither paid the $405.00 filing and administrative fees nor filed an application for leave to proceed *in forma pauperis* (IFP). Accordingly, on May 4, 2026, the court issued a Notice of Deficiency directing Plaintiff to either pay the requisite fees or submit an IFP application by May 18, 2026. (Doc. # 3.) The Notice of Deficiency specifically cautioned Plaintiff that his failure to timely comply may result in an order dismissing this case. (*Id.* at

1.)   On May 20, 2026, the Notice of Deficiency sent to Plaintiff at his address of record was returned to the court as undeliverable and marked, "Return to Sender; Not Deliverable as Addressed; Unable to Forward."  (Doc. # 4.)  Thus, it appears that Plaintiff's whereabouts are now unknown, and the court does not have an address at which to forward Plaintiff's mail.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases."  *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026).  The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling."  *McNair*, 143 F.4th at 1306.  Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"  *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted)

(quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the court's Notice of Deficiency (Doc. # 3), has not paid the requisite fees or obtained leave to proceed IFP, and his whereabouts are presently unknown, this action will be dismissed without prejudice. No lesser sanction would be effective.

Accordingly, for the reasons set forth above, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 27th day of May, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

3